# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

JOAN CARROLL
    **Plaintiff,**

vs.

**BRANDON ALLEN d/b/a JERSEY LILLY**
**SILVER & STONE**
    **Defendants**

          :
          :
          :
          :
          :  CIVIL ACTION # <u>4:23-cv-00135</u>
          :
          :
          :
          :
          :

## PLAINTIFF'S ORIGINAL COMPLAINT

  Plaintiff, Joan Carroll, by and through her undersigned attorneys, respectfully alleges as follows for her complaint against Defendant Brandon Allen d/b/a Jersey Lilly Silver & Stone.

## PARTIES

  1.  Plaintiff Joan Carroll ("<u>Plaintiff</u>" or "<u>Carroll</u>") is an individual residing in Fort Worth, Texas.

  2.  Defendant Brandon Allen ("<u>Defendant</u>" or "<u>Allen</u>") is an individual believed to be living in Argyle, Texas, and upon information and belief may be served at 232 Lilypad Bend, Argyle, Texas 76226, or wherever he may be found.

## NATURE OF THE CLAIMS

  3.  This is an action for copyright infringement arising in connection with the unauthorized commercial exploitation of one of Plaintiff's outdoor photographs on Defendant's website.

## JURISDICTION AND VENUE

4.     This action arises under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (copyrights).

5.     This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendant may be found in this District.

## CONDITIONS PRECEDENT

6.     All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

7.     Joan Carroll is a professional outdoor photographer who is based in Fort Worth, Texas. For over a decade, Carroll has exhibited and sold her work at local and state art shows, including the prestigious Main Street Arts Festival in Fort Worth, Texas. Carroll now sells her art exclusively online and her work with Texas county courthouses was purchased and is displayed throughout the Texas A&M University School of Law.

8.     Upon information and belief, Brandon Allen is the owner of Jersey Lilly Silver & Stone, which is a jewelry store that features sterling silver and natural stone jewelry, located in the Fort Worth Stockyards.

9.     Carroll is the sole author and creator of the photo at issue in this action (the "Photo"), which depicts the iconic and historic Fort Worth Stockyards. A copy of the Photo is set forth on the following page.



10.     The Photo was timely registered with the U.S. Copyright Office, which issued registration number VA 2-039-524, effective January 3, 2016. ("**Exhibit 1**").

11.     In an apparent attempt to capture the authentic feel of the Fort Worth Stockyards, Defendant prominently featured Carroll's photo on his website at https://www.jersey-lilly.com, as shown below—without any authorization or license to do so.[1]



---

[1] Plaintiff is currently investigating the source of Defendant's use of the photo and will amend her complaint to add a claim for violation of the Digital Millennium Copyright Act (DMCA), if appropriate. For the time being, Plaintiff notes that the file name of the photo used on Defendants website strongly suggests that it was downloaded directly from Ms. Carroll's website at https://fineartamerica.com/featured/fort-worth-stockyards-joan-carroll.html, thereby suggesting that Defendant intentionally omitted copyright management information conveyed in connection with the photo, for which damages can range from $2,500 to $25,000 per violation. 17 U.S.C. § 1203.

12.     On December 13, 2022, Carroll placed Defendant on notice of his unauthorized use of the Photo and followed up several times in a good faith effort to resolve her claims for copyright infringement.

13.     On January 3, 2023, Defendant finally responded—advising that he removed the photo from the website, but otherwise refusing to substantively respond to Caroll's offer of settlement—thereby compelling her to bring this suit.

## COUNT 1: COPYRIGHT INFRINGEMENT

14.     Carroll realleges and incorporates herein the foregoing paragraphs.

15.     By his actions alleged above, Defendant Brandon Allen has infringed Carroll's copyrights in the Photo. Specifically, by copying, displaying, distributing and otherwise exploiting the Photo on its website, Defendant has infringed Carroll's exclusive rights set forth in 17 U.S.C. § 106.

16.     Defendant's actions constituted willful infringement of Carroll's copyrights inasmuch as he knew, or had reason to know, that his use of Plaintiff's Work was unauthorized; and/or because he acted with reckless disregard of Plaintiff's copyrights. For instance, Defendant utilizes a copyright notice on his own website, and is therefore presumably familiar with copyright laws. Moreover, Defendant sells original jewelry, thereby suggesting a familiarity with protections for creative works and relevant copyright laws. *See Lance v. Freddie Records, Inc.*, 986 F.2d 1419 (5th Cir. 1993), [published in full-text format at 1993 U.S. App. LEXIS 40601, at *5-6 (5th Cir. 1993) (unpublished) (affirming a willful-infringement finding because the defendant had 20 years of experience in the music industry and "was quite familiar with the applicable copyright laws."); *Twin Peaks Prods., Inc. v. Publications Intern., Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993) (finding

that a publisher willfully infringed and rejecting the argument that the publisher did not realize the work was copyrighted given its industry experience).

17.     As a result of the foregoing, Plaintiff is entitled to actual damages, plus Defendant's profits; and/or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## **<u>PRAYER</u>**

Plaintiff prays for:

A.      An order that Defendant and all persons under his direction, control, permission or authority be enjoined and permanently restrained from exploiting the photograph at issue;

B.      For each work infringed, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C.      An award to Plaintiff of her reasonable costs and attorney's fees under 17 U.S.C. §§ 505;

D.      Prejudgment and post-judgment interest on any damage award as permitted by law; and

E.      Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Respectfully submitted,

**AMINI & CONANT, LLP**
408 West Eleventh Street
Fifth Floor
Austin, TX 78701
Tel: (512) 222-6883
Fax: (512) 900-7967
service@aminiconant.com

By: _____
R. Buck McKinney
Texas Bar No. 00784572
buck@aminiconant.com

And

James E. Key
Texas Bar # 24012958
**HARRIS, FINLEY & BOGLE, P.C.**
777 Main Street, Suite 3600
Fort Worth, Texas 76102
Telephone: (817) 870-8735
Fax: (817) 333-1182
*jkey@hfblaw.com*

*Attorneys for Plaintiff*